IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

SANDRA CUMMINGS                                                          PLAINTIFF

V.                                                    CIVIL ACTION NO. 1:18-CV-72-SA-DAS

WELLS FARGO, N.A., and
HOMEOWNER'S MORTGAGE
OF AMERICA, INC.                                                        DEFENDANTS

ORDER AND MEMORANDUM OPINION

Sandra Cummings, individually and on behalf of all of those similarly situated, filed suit

in this Court on April 20, 2018, alleging various claims related to the origination and servicing of

a mortgage loan entered into on March 23, 2012. Now before the Court is Defendant Wells Fargo's

Motion to Dismiss for failure to state a claim [7] pursuant to the Federal Rules of Civil Procedure

12(b)(6).

*Factual and Procedural Background*

On March 23, 2012, the Plaintiff's husband entered into a mortgage loan with

Homeowner's Mortgage of America, Inc. The Loan was secured by the real property located at

1200 Cummings Road, Eupora, Mississippi 39744. The Plaintiff's husband executed the Note as

the sole signatory, while both the Plaintiff and her husband executed the Deed of Trust. The

Plaintiff alleges that at the time the Loan was entered into she and her husband believed that the

Loan would contain a credit-life-insurance provision that would pay off the balance on the

mortgage-note if either of them died prior to the term of the Loan.

On March 23, 2017, five years after executing the Loan, the Plaintiff's husband died. On

July 11, 2017, the Plaintiff received correspondence from Wells Fargo notifying the Plaintiff that

it was initiating foreclosure proceedings against the property.[1] The Plaintiff asserts that prior to receiving the July 11 correspondence from Wells Fargo, she was unaware that the credit-life-insurance provision was not included in the terms of the Loan.

Based on these facts, the Plaintiff asserts individual and putative class claims relating to the Loan, which the Plaintiff asserts she *and* her late husband entered into with Homeowner's Mortgage of America, Inc., which was later serviced by Wells Fargo. The Plaintiff also claims that she and her husband were provided inaccurate disclosure documents, which failed to include the credit-life-insurance provision and misrepresented the true term of the Loan. Finally, the Plaintiff claims that the Defendants misapplied payments from the Loan's escrow account to the homeowner's insurance carrier, which resulted in Wells Fargo force-placing unnecessary and overpriced homeowner's insurance on the mortgage property.

The Plaintiff, individually and on behalf of those similarly situated, asserts federal claims against Wells Fargo for violations of the: (1) Truth in Lending Act ("TILA"), (2) Real Estate Settlement Procedures Act ("RESPA"), (3) Fair Debt Collection Practices Act ("FDCPA"), and (4) Fair Credit Reporting Act ("FCRA"). The Plaintiff also asserts various state law claims including: (5) violations of Mississippi's S.A.F.E. Mortgage Act, (6) numerous fraud claims, (7) violations of Mississippi Code § 81-19-1, (8) violations of Mississippi Code § 8-18-55, (9) breach of implied faith and fair dealing, (10) negligence, (11) infliction of emotional distress, and (12) wrongful foreclosure.

On May 25, 2018, the Defendant filed its Motion to Dismiss [7], arguing that the Plaintiff lacks standing to bring her TILA, RESPA, and FCDPA claims. Similarly, the Defendant argues that the Plaintiff lacks standing to bring her S.A.F.E. Act claim because it provides no private right

---

[1] The correspondence was addressed to the Plaintiff's late husband.

of action. Next, the Defendant argues that the Plaintiff's fraud based claims fail as a matter of law, as the Plaintiff failed to meet the heightened pleading standard required under Rule 9 of the Federal Rules of Civil Procedure. As to the Plaintiff's remaining claims, the Defendant argues that the Plaintiff wholly failed to satisfy federal pleading standards and thus failed to state a claim for declaratory or injunctive relief.

*Standard of Review*

In deciding the Defendant's Motion to Dismiss, the Court must read the Complaint in the light most favorable to the Plaintiff and all well-pleaded, material allegations in the Complaint must be taken as true. *Estelle v. Gamble*, 429 U.S. 97, 112, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). It is the purpose of a Rule 12(b)(6) motion to test the formal sufficiency of the statement for relief. *Murray v. Amoco Oil Co.*, 539 F. 2d 1385 (5th Cir. 1976). When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 Fed. Appx. 215, 216–17 (5th Cir. 2014) (*per curiam*) (*citing Kennedy v. Chase Manhattan Bank USA, NA*, 369 F. 3d 833, 839 (5th Cir. 2004)). However, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F. 3d 285, 288 (5th Cir. 2004).[2]

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 937, 173 L. Ed. 2d 868 (2009). It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Bell Atlantic Corp. v.*

---

[2] Attached to the Defendant's Motion to Dismiss is a copy of the loan Note [7-1] and the Deed of Trust [7-2]. The Court finds the exhibits are central to the Plaintiff's claim and are therefore part of the pleadings. *See Prestige Enterprises, Inc. v. City of Senatobia*, 2008 WL 1745507, *1 (N.D. Miss. Apr. 14, 2008).

*Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). In other words, a "[plaintiff's] complaint therefore must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S. Ct. 1955. If there are insufficient factual allegations to raise a right to relief above the speculative level, the claim must be dismissed. *Id.* at 555, 127 S. Ct. 1955. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez–Montes v. Allied Pilots Assn.*, 987 F. 2d 278, 284 (5th Cir. 1993).

*Class Certification Analysis*

In her Complaint, the Plaintiff alleges that she brings the instant action on behalf of herself and as a class action, pursuant to Federal Rule of Civil Procedure 23(b)(2). She provides allegations relating to numerosity, commonality, typicality, adequacy of representation, and declaratory and injunctive relief. The Plaintiff requests the Court to declare that this action may be maintained as a class action and to certify four individual classes and four separate sub-classes.[3] "A party seeking class certification [under Rule 23] must affirmatively demonstrate [her] compliance with the Rule — that is, [s]he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011).

Before addressing the Plaintiff's motion for class certification, the Advisory Committee Notes to the 2003 Amendments to Rule 23 allow a court to first decide the dispositive motions pending before the Court. The Advisory Committee Notes recognize "the many valid reasons that may justify deferring the initial certification decision," including the possibility that "[t]he party opposing the class may prefer to win dismissal or summary judgment as to the individual plaintiff

---

[3] The Fifth Circuit has held that district courts have wide discretion in deciding whether to certify a class action. *Applewhile v. Reichhold Chemials, Inc.*, 67 F. 3d 571, 573 (5th Cir. 1995).

without certification and without binding the class that might have been certified." FED. R. CIV. P. 23 Advisory Committee's Note to 2003 Amendment.[4] Accordingly, the Court will first examine the Defendant's Motion to Dismiss before addressing the Plaintiff's motion for class certification.

*Standing*

"In essence, the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues. This inquiry involves both constitutional limitations on federal-court jurisdiction and prudential limits on its exercise." *Warth v. Seldin*, 422 U.S. 490, 498, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975). "From Article III's limitation of the judicial power to resolving 'Cases and Controversies,' and the separation-of-powers principles underlying that limitation, we have deduced a set of requirements that together make up the 'irreducible constitutional minimum of standing.'" *Lexmark Intern, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125, 134 S. Ct. 1377, 188 L. Ed. 2d 392 (2014) (*citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). To establish an Article III case or controversy, the Plaintiff must establish three elements: (1) an "injury in fact" that is "distinct and palpable," (2) traceability, and (3) redressability. *Whitmore v. Arkansas*, 495 U.S. 149, 155, 110 S. Ct. 1717, 109 L. Ed. 2d 135 (1990).

Apart from this minimum constitutional mandate, the Supreme Court also recognizes prudential "limits on the class of persons who may invoke the courts' decisional and remedial powers." *Warth*, 422 U.S. at 499, 95 S. Ct. 2197. First, courts have held that a harm resulting in a "generalized grievance" does not warrant the exercise of federal-court jurisdiction. *Id*. (*citing Schlesinger v. Reservists to Stop the War*, 418 U.S. 208, 221-227, 94 S. Ct. 2925, 41 L. Ed. 2d 706 (1974)). Second, "Even when the plaintiff has alleged injury sufficient to meet the 'case or

---

[4] See subdivision (c), paragraph 1.

controversy' requirement, this Court has held that the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Id*. at 221-227, S. Ct. 2925 (*citing generally, Tileston v. Ullman*, 318 U.S. 44, 63 S. Ct. 493, 87 L. Ed. 603 (1943)).

In its Motion to Dismiss, the Defendant does not argue that the Plaintiff lacks constitutional standing, but instead argues that the Plaintiff lacks prudential standing to bring her TILA, RESPA, and RDCPA claims. Prudential standing asks whether "this particular class of persons ha[s] a right to sue under this substantive statute." *Lexmark Intern, Inc. v. Static Control Components, Inc.*, 572 U.S. at 127 (citation omitted). The Defendant argues that the Plaintiff lacks standing because she did not execute the Note and is therefore not obligated on the Loan. Thus, the question this case presents at this stage is whether the Plaintiff falls within the class of plaintiffs Congress authorized to bring suit under TILA, RESPA, and FDCPA.

The Plaintiff argues that even though she did not execute the Note, she is identified as a "Borrower" on the Deed of Trust and is therefore authorized to bring her claims under TILA, RESPA, and FDCPA. The Deed of Trust executed by the Plaintiff states:

> Any Borrower who co-signs this Security Instrument but does not execute the Note
> (a) is co-signing this Security Instrument only to mortgage, grant and convey that
> Borrower's interest in the Property under the terms of this Security Instrument, (b)
> is not personally obligated to pay the sums secured by this Security Instrument, and
> (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear
> or make any accommodations with regard to the terms of this Security Instrument
> or the Note without that Borrower's consent.

The disclosure provisions set forth in TILA are clear: creditors are only required to "disclose to the person who is obligated on a consumer lease or a consumer credit transaction the

information required under this subchapter."[5] 15 U.S.C. § 1631(a). Similarly, only a borrower on

a loan may pursue a cause of action under RESPA.[6] *See* 12 U.S.C. § 2605(f). Finally, the FDCPA

provides a cause of action to a plaintiff who is "the *object* of collection activity arising from a

consumer debt." *Askew v. Crown Mgmt., LLC*, No. 1:16-CV-00129-GHD, 2017 WL 1534396, at

*3 (N.D. Miss. Apr. 27, 2017) (emphasis added). Based upon the facts and evidence presented,

and considering the statutory construction of TILA, RESPA, and FDCPA, the Plaintiff lacks

prudential standing to bring suit pursuant to these statutes because she is neither an "obligor" nor

"borrower" on the Loan.

I.    Third-party Beneficiary

Additionally, the Plaintiff provides no authority for the proposition that signing the Deed

of Trust was sufficient to establish her as an "obligor" on the Loan. Instead, the Plaintiff argues in

the alternative that even if she is not a "Borrower" or obligated on the Loan, she is certainly a

third-party beneficiary with standing to bring suit under TILA, RESPA, and FDCPA. "For a third-

party beneficiary to exist, a valid contract must first exist." *GNSC Batesville, LLC v. Johnson*, 109

So.3d 562 (Miss. 2013). While it is undisputed that the credit-life-insurance provision was not

included in the written Loan documents, the Plaintiff argues that a valid oral contract exists due to

---

[5] Federal courts have previously dismissed TILA claims based on standing when brought by a non-obligor spouse who only signed the security agreement. *See Moazed v. First Union Mortg. Co.*, 319 F. Supp. 2d 268, 273 (D. Conn. 2004) (wife who co-signed mortgage but not the note was not an obligor and thus did not have a right to rescind under TILA); *Wilson v. JPMorgan Chase Bank, N.A.*, 2010 WL 2574032, *6 (E.D. Cal. Jun. 25, 2010) (plaintiff did not have standing to assert TILA claims where deceased husband was the sole borrower on the loan); *Cahalan v. Ameriquest Mortg. Co.*, 2006 WL 1312961, *2 (W.D. Pa. 2006) (husband who jointly owned property on which wife executed a note could not assert TILA claim because he was not an obligor).

[6] While the Fifth Circuit has not addressed this issue, other federal courts have consistently held that non-obligors lack standing to assert a RESPA claim. *See Bridges v. Bank of New York Mellon*, 2018 WL 836061, *8 (S.D. Tex. Feb. 12, 2018); *Thomason v. One West Bank*, 2018 WL 1474908, *6 (M.D. Ala. Feb. 12, 2018); *Johnson v. Ocwen Loan Servicing*, 374 Fed. Appx. 868, 874 (11th Cir. 2010).

the oral representations made by the Loan salesman prior to the execution of the Loan. However, the Mississippi Supreme Court has repeatedly held that:

> [A] written contract cannot be varied by prior oral agreements. Moreover, as an evidentiary matter, parol evidence to vary the terms of a written contract is inadmissible. Finally, a person is under an obligation to read a contract before signing it, and will not as a general rule be heard to complain of an oral misrepresentation the error of which would have been disclosed by reading the contract.

*Stephens v. Equitable Life Assur. Society of U.S.*, 850 So. 2d 78, 82 (Miss. 2003) (*citing Godfrey, Bassett & Kuykendall Architects, Ltd. v. Huntington Lumber & Supply Co.*, 584 So. 2d 1254, 1257 (Miss. 1991).

Given the well-established law surrounding this issue, the Plaintiff's third-party beneficiary argument must fail. Even if the parties had a valid oral agreement prior to the execution of the Loan, such an agreement would not alter the terms of the later written contract executed on March 23, 2012. Further, Mississippi law clearly states that "insureds are bound as a matter of law by the knowledge of the contents of a contract in which they entered notwithstanding whether they actually read the policy." *Id.* Accordingly, any error in the contract could have been discovered by due diligence prior to the Loan's execution. Therefore, there is no valid contract as to the credit-life-insurance policy because the written Loan documents control and the Plaintiff cannot claim to be a third-party beneficiary to a non-existent contract.

After due consideration of the facts and evidence presented, the Court finds that the Plaintiff is not obligated on the Loan and is in no way considered a "Borrower." The Plaintiff does not have standing, as a third-party beneficiary or otherwise, to bring claims pursuant to TILA, RESPA, or FDCPA and these claims are dismissed with prejudice.

II.    Equitable Tolling of the Statute of Limitations

Even if the Plaintiff did have standing to bring her claims pursuant to TILA, RESPA, or FDCPA, the statute of limitations governing each cause of action has run,[7] as the Plaintiff filed her suit over five years after the Loan and accompanying documents were executed. While the Plaintiff admits that the statutes of limitations for these claims have run, she argues the statutes of limitations must be equitably tolled due to the Defendant's fraudulent concealment. "The doctrine of equitable tolling preserves a plaintiff's claim when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F. 3d 806, 810 (5th Cir. 1998) (*quoting Lambert v. United States*, 44 F. 3d 296, 298 (5th Cir. 1995)). "[E]quitable tolling is a narrow exception . . . that should be applied sparingly." *Sandoz v. Cingular Wireless, L.L.C.*, 700 Appx. 317, 320 (5th Cir. 2017) (internal quotations omitted). To succeed in an equitable tolling argument, the Plaintiff must prove two elements: "1) that [s]he has been pursuing [her] rights diligently, and 2) that some extraordinary circumstance stood in [her] way and prevented timely filing." *Id*. This standard requires "reasonable diligence," not "maximum feasible diligence." *Starns v. Andrews*, 524 F. 3d 612, 618 (5th Cir. 2008). The delay in filing must be due to some "external obstacle to timely filing . . . beyond [the plaintiff's] control," not from self-inflicted delay. *Menominee Indian Tribe of Wisconsin v. U.S.*, 136 S. Ct. 750, 755-756, 193 L. Ed. 2d 652 (2016).

---

[7] The statute of limitations for the Plaintiff's TILA claim is governed by 15 U.S.C. § 1635(f), dictating that claims for rescission must be brought within three years of securing the loan. The Plaintiff's RESPA claim is governed by 12 U.S.C. § 2614, stating a claim must be brought within three years from the date the violation allegedly occurred. Finally, the Plaintiff's FDCPA claim is governed by 15 U.S.C. § 1692k, mandating that a claim must be brought within one year from the date on which the violation occurred. Given that all of the claims asserted by the Plaintiff were filed over five years after the Loan and accompanying documents were executed, the Plaintiff's claims are time-barred.

The Plaintiff's TILA claim cannot be equitably tolled based on the facts and evidence provided. First, the Plaintiff did not diligently pursue her TILA claim, as reading the Loan documents would have immediately revealed that the credit-life-insurance provision was not included in the terms of the Loan. *See Moor v. Travelers Ins. Co.*, 784 F. 2d 623 (5th Cir. 1986) ("To clothe [herself] in the protective garb of the tolling doctrine, a plaintiff must show that the defendants concealed the reprobated conduct and despite the exercise of due diligence, he was unable to discover that conduct."). Second, the Plaintiff failed to point to any extraordinary circumstance that prevented her from discovering the non-inclusion of the credit-life-insurance provision to the terms of the Loan. Instead the Plaintiff merely asserts that her cause of action pursuant to TILA "only became discoverable, practically speaking, following the death of George Cummings." Without more, the Plaintiff's TILA claim cannot be equitably tolled and is dismissed with prejudice. *See Id.*

Similarly, the Plaintiff's RESPA claim cannot be equitably tolled. First, the Plaintiff did not diligently pursue her RESPA claim, as a diligent reading of the Loan documents would have revealed the allegedly improper disclosure documents. Second, the Plaintiff has failed to provide any extraordinary circumstances that prevented her from discovering that the Defendant allegedly failed to provide the mandated REPSA or Integrated TILA/RESPA Disclosure Forms. The Plaintiff merely claims that she had no way of discovering allegedly improper disclosures until her husband's death. The Plaintiff has failed to meet her burden to justify a claim for equitable tolling, as the facts provided do not give rise to the extraordinary circumstances required to toll the statute of limitations. *See generally Menominee*, 136 S. Ct. at 756, 193 L. Ed. 2d 652. Therefore, the statute of limitations for the Plaintiff's RESPA claim cannot be tolled and is dismissed with prejudice.

Finally, the Court cannot determine whether the Plaintiff's FDCPA claim can be equitably tolled, as the Plaintiff wholly failed to provide any facts regarding this claim. Therefore, even if the FDCPA claim was equitably tolled, it would be dismissed pursuant to 12(b)(6) for failure to state a claim. Accordingly, the Plaintiff's FDCPA claim is dismissed with prejudice.

## S.A.F.E. Mortgage Act

The Plaintiff asserts that Wells Fargo violated the S.A.F.E. Mortgage Act by failing to mail a proper foreclosure notice at least 45 days prior to the foreclosure sale. However, it is well-settled that there is no private right of action for a S.A.F.E. Mortgage Act violation. *See Ishee v. Federal Nat. Mortg. Assn.*, 641 Fed. Appx. 438, 444 (5th Cir. 2016); *Griffin v. HSBC Mortg. Services, Inc.*, 4:14-CV-00132-DMB, 2016 WL 1090578, at \*15 (N.D. Miss. Mar. 18, 2016). The Plaintiff has agreed to voluntarily dismiss her S.A.F.E. Act claim, and it is dismissed with prejudice.

## FCRA Claims

In her Complaint the Plaintiff alleges that the Defendant willfully violated the FCRA. The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52, 127 S. Ct. 2201, 167 L. Ed. 2d. 1045 (2007). To bring a claim under the FCRA, a plaintiff must show that the 1) credit reporting agency had notice of a consumer dispute, 2) credit reporting agency notified the furnisher of the alleged dispute, and 3) furnisher failed to properly investigate the dispute. 15 U.S.C. § 1681s-2(a); *see also* 15 U.S.C. § 1681i(a)(2)(A).[8]

In support of her FCRA claim, the Plaintiff provides a single conclusory allegation that the Defendant willfully violated the FCRA through "wrongful collection and credit-reporting activities." However, the Plaintiff wholly failed to point to any specific facts that could indicate

---

[8] Furnishers of information that transmit information to a credit reporting agency concerning a debt owed by a consumer, such as banking institutions, have a duty to provide accurate information. *See* 15 U.S.C. § 1681s-2(a).

that the credit reporting agency had notice of the dispute. Similarly, she failed to show that the credit reporting agency notified the Defendant. Most importantly, the Plaintiff failed to plead any facts showing that the Defendant failed to properly investigate the dispute. While detailed factual allegations are not required, a complaint "devoid of further factual enhancement" must be dismissed. *Ashcroft*, at 678, 129 S. Ct. 937 (*quoting Bell Atlantic Corp.*, at 557, 127 S. Ct. 1955). Without more, the Plaintiff failed to state a claim for relief under the FCRA that is plausible on its face. Therefore, the Plaintiff's FCRA claim is dismissed with prejudice. *See Bell Atlantic Corp.*, at 570, 127 S. Ct. 1955.

*Fraud Claims*

The Plaintiff asserts various fraud-based claims against the Defendant, including fraudulent misrepresentation, constructive fraud, fraudulent inducement, fraudulent deceit, and fraudulent conveyance. In addition to the standard articulated by the Supreme Court in *Iqbal* and *Twombly*,[9] Rule 9(b) of the Federal Rules of Civil Procedure requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *See also Truddle v. Wyeth, LLC*, No. 2:11-CV-207-GHD, 2012 WL 3338715, at *2 (N.D. Miss. Aug. 14, 2012) (misrepresentation claims are subject to the Rule 9(b) heightened pleading standards).

While "[w]hat constitutes particularity will necessarily differ with the facts of each case," the Fifth Circuit has held that "Rule 9(b) requires the who, what, when, where, and how to be laid out." *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F. 3d 719, 714, 724 (5th Cir. 2003) (citation omitted). Regarding the "how" requirement, "[t]he Fifth Circuit . . . and other district

---

[9] This heightened pleading standard is "supplemental to the Supreme Court's recent interpretation of Rule 8(a)." *U.S. ex rel. Grubbs v. Kanneganti*, 565 F. 3d 180, 185 (5th Cir. 2009). As a supplement, Rule 9 requires "simple, concise, and direct allegations of the circumstances constituting fraud, which . . . must make relief plausible, not merely conceivable, when taken as true." *Id.* at 185-86 (internal quotations omitted).

courts within [the circuit] have either held or strongly suggested that Rule 9(b)'s particularity requirement extends to allegations of actual reliance." *In re BP P.L.C. Sec. Litig.*, No. 4:12-CV-1256, 2013 WL 6383968, at \*39 (S.D. Tex. Dec. 5, 2013) (collecting cases). Meaning, "at a minimum, Rule 9(b) requires Plaintiffs to specify with particularity what actions [they took] or forewent in reliance upon Defendants' alleged misrepresentations." *Id*. at \*41.

In her Complaint, the alleged acts giving rise to the misrepresentation are stated generally rather than with particularity, as the Plaintiff merely states that:

> [T]he salesman of this unsuitable and misrepresented mortgage-loan to the Cummings made the material misrepresentation, reasonably relied on by the Cummings, that the proposed mortgage-loan would contain a credit-life-insurance provision that would pay off the balance on the mortgage-note should either of the guarantors on that mortgage-note, Sandra or George Cummings, pass away prior to the (also misrepresented) term of the mortgage-loan.

Without more, the Plaintiff's allegations fail the heightened pleading requirement of Rule 9(b). First, while the Plaintiff repeatedly mentions the Loan salesman, she failed to identify the salesman responsible for the alleged material misrepresentations or include any details related to the conversations that resulted in the misrepresentations. *See Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F. 3d 552, 564-65 (5th Cir. 2002) (holding a plaintiff pleading fraud must identify the speaker and explain why the statements were fraudulent). Secondly, the Plaintiff failed to include any facts or details surrounding the timeline of the alleged misrepresentation or where the misrepresentation occurred. Finally, the Plaintiff wholly failed to meet the "how" requirement as interpreted by the Fifth Circuit.[10] Although the Plaintiff indicated that she relied on the misrepresentation, she failed include any specifics related to her reliance. Instead, the Plaintiff

---

[10] *Southland Securities Corp. v. INSpire Ins. Solutions, Inc.*, 365 F. 3d 353, 361 (5th Cir. 2004) (the court "will not strain to find inferences favorable to the plaintiff.").

argues that fraud must exist simply because she believed the Loan would include a credit-life-insurance policy.

The Plaintiff's fraud claims clearly fail to meet the particularity requirements necessary to satisfy Rule 9(b) because she has wholly failed to provide any facts that make relief from the alleged fraud conceivable — much less plausible. Thus, dismissal for failure to comply with Rule 9(b) is warranted. Alternatively, with no independent federal claims surviving, however, this Court "may decline to exercise supplemental jurisdiction" over the Plaintiff's remaining state law claims.[11] *United Mine Workers of America*, at 726, 86 S. Ct. 1130. Having dismissed all federal claims, in the alternative, the Court declines to extend supplemental jurisdiction to hear the Plaintiff's state law fraud claims.

*Remaining State Law Claims*

In her Complaint, the Plaintiff lists numerous state law claims including: violations of MCA § 81-18-55, MCA § 81-18-55, breach of implied conveyance of good faith and fair dealing, negligence, and infliction of emotional distress. However, the Plaintiff failed to address these claims in her Response [13] to the Defendant's Motion to Dismiss [7] and the Defendant correctly argues that, as a result, the Plaintiff has conceded these claims. *See Jackson as Next Friend of Martin v. Town of Tutwiler, Mississippi*, 2018 WL 6033596, *2 (N.D. Miss. Nov. 16, 2018); *see also* FED. R. CIV. P. Rule 12(b). Therefore, these claims are dismissed with prejudice.

Even if the Plaintiff properly addressed these claims in her Response, with no independent federal claims surviving the Court "may decline to exercise supplemental jurisdiction" over the Plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367.[12] *United Mine Workers of*

---

[11] Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966).
[12] Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." *Id.* at 726, 86 S. Ct. 1130.

*America*, at 726, 86 S. Ct. 1130. Therefore, having dismissed all federal claims, in the alternative the Court declines to extend supplemental jurisdiction to hear the Plaintiff's remaining state law claims.[13]

*Plaintiff's Request for Class Action Certification*

Given the Court's finding that the Plaintiff lacks standing to bring her claims or has failed to state a claim upon which relief can be granted, the Plaintiff is disqualified as a proper class representative and the question of whether to certify the action as a class action is moot. The Plaintiff has not suffered injuries typical of all customers, as she is not in fact a customer, Borrower, or in anyway obligated on the Loan, and therefore would not adequately represent the class. Accordingly, the Plaintiff's request for class certification is dismissed without prejudice as moot.

*Conclusion*

Upon due consideration of all of the facts and evidence presented, the Defendant's Motion to Dismiss [7] is GRANTED. This case is DISMISSED with prejudice.

SO ORDERED on this, the 11th day of January, 2019.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

---

[13] If the Court exercised jurisdiction over the Plaintiff's remaining state law claims, they would be dismissed for failure to state a claim because the Plaintiff failed to provide a single fact in support of these claims and dismissal is appropriate.